**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANE DOE,<br><br>For herself and the Class,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION,<br><br>Defendant. | **Case No. 1:25-cv-10343-PBS**<br><br>**LEAVE TO FILE GRANTED ON MAY 16, 2015 (Doc. No. 32)** |

**PLAINTIFF'S SUR-REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff***

BCH presents a new argument in its reply on its motion to dismiss—that the Court should simply ignore all allegations regarding any interceptions of communications that concern Plaintiff's children's healthcare. The allegations BCH asks the Court to ignore include some of the most serious allegations of the Amended Complaint, including BCH's use of tracking technologies throughout its MyChildren's patient portal—conduct that makes BCH's conduct more egregious than most other healthcare providers and that undermines BCH's affirmative defenses. *See* Doc. No. 27 at 2, 8, 12, 14.

BCH points in its reply memorandum to a Minnesota case decided the same day BCH filed its motion to dismiss—*Harris v. Gillette Children's Specialty Healthcare*, 2025 U.S. Dist. LEXIS 52206 (D. Minn. Mar. 21, 2025). In *Harris*, the court dismissed claims relating to tracking technologies against a healthcare provider where the intercepted communications concerned the plaintiff's children. *Id.* at *5-11. The Court's ruling, however, applied only principles of Article III subject matter jurisdiction; the court did not resolve the merits of any claim. *Id.* at *11-13.

The Court should reject BCH's new argument for two reasons—first, Plaintiff suffered an injury redressable through the claims she asserts because those claims focus on interceptions of Plaintiff's **<u>own</u>** communications, and second, even if any of Plaintiff's claims belongs solely to her children, Rule 17 precludes dismissal where such "real-party-in-interest" issues may be resolved by amendment.

## I. PLAINTIFF IS THE PROPER PLAINTIFF TO ASSERT CLAIMS REGARDING INTERCEPTIONS OF HER OWN COMMUNICATIONS.

BCH argues that Plaintiff's children—and only her children—suffered an injury because the intercepted communications concerned their healthcare. Plaintiff's claims, however, derive from the interception of **<u>Plaintiff's</u>** communications with BCH. The fact that her children may also have privacy interests in the substance of the communication does not matter; multiple parties may suffer an injury from a single course of conduct. *Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, 411 F. Supp. 2d 458, 464 (S.D.N.Y. 2006) ("The fact that there may be more than one real party in interest means that the failure to sue in the name of one of them does not automatically require dismissal of an action.").

Resolving the proper party or parties to assert claims depends on the substance of each claim. "The right to enforce an action is conferred by substantive law or by statutes designating as real parties representatives of one holding substantive rights. If state or federal substantive law confers on one an enforceable right, that party is a real party in interest with respect to that right or interest." 4 Moore's Federal Practice – Civil § 17.10 (collecting authorities). Here, Plaintiffs' claims each derive from substantive rights conferred to her; she may properly assert them.

The ECPA expressly confers its private remedy to "any person whose wire, oral, or electronic communication is intercepted." 18 U.S.C.S. § 2520(a). The ECPA, therefore, affords a remedy to the party to the intercepted communication, not other individuals whose privacy interests may **also** be affected by the interception. *See also Campbell v. Facebook*, 951 F.3d 1106, 1118 (9th Cir. 2020) (ECPA is "targeted at the substantive intrusion that occurs when private communications are intercepted by someone who does not have the right to access them").

Plaintiff's other claims likewise assert privacy violations based on the interception of communications—interests Plaintiff holds as the party to those communications. For example, as to the MRPA, allegations of interceptions of "website actions" support "a direct injury under the [MRPA] for purposes of standing." *Doe v. Bos. Med. Ctr. Corp.,* 2023 Mass. Super. LEXIS 674, at *7 (Super. Ct. Sept. 14, 2023); *see also* Am. Compl. ¶ 189 (factual basis for MRPA claim is "invading Plaintiff's…communications with healthcare providers"). The relevant harm under Plaintiff's MRPA claim is the same as Plaintiff's ECPA claim—the intrusion upon Plaintiff's communications, a harm Plaintiff suffered personally.

As to Plaintiff's claim for breach of fiduciary duty, a fiduciary duty arises "[w]herever two persons stand in such a relation that, while it continues, confidence is necessarily reposed by one, and the influence which naturally grows out of that confidence is possessed by other…." *Warsofsky v. Sherman*, 326 Mass. 290, 292-93 (1950). That is precisely what Plaintiff alleges here. Am. Comp. ¶ 197 ("Plaintiff had a reasonable expectation of privacy in the…communications entrusted to Boston Children's"). Moreover,

fiduciary obligations that derive from a doctor-patient relationship extend to parents of a patient. *See, e.g., Amor v. State,* 2009 U.S. Dist. LEXIS 19606, at *44 (D. Ariz. Feb. 27, 2009) ("As the parent with custodial authority of the child at the time of treatment by [the doctor], the Court finds [the parent] had a fiduciary relationship with [the doctor]."). Plaintiff's breach of confidence claim similarly derives from the confidentiality of **communications**. *Alberts v. Devine*, 395 Mass. 59, 65 (1985) (remedy available for disclosure of "medical facts **communicated** to a physician") (emphasis added). Finally, Plaintiff's contract claims derive from promises BCH made to Plaintiff, not her children. Am. Compl. ¶¶ 224-27.

Plaintiff recognizes that the plaintiff in *Harris* appears to have conceded that her children suffered the relevant injury for Article III purposes, which the plaintiff tied directly to HIPAA violations. That concession was central to the court's decision. 2025 U.S. Dist. LEXIS 52206, at *7-8 (noting "Plaintiffs' response to the pending motion confirms that they do not view the harm as accruing to the parent"). Plaintiff here makes no such concessions, nor does she limit her allegations of injury to HIPAA. Doc. 27 at 5-7, 12-13. Although Plaintiff invokes HIPAA as one of several bases to assert the crime-tort exception to BCH's one-party consent defense, the crime-tort exception does not require that the injury giving rise to the exception be same or suffered by the same party as the ECPA injury. *See* 18 U.S.C. § 2511(2)(d).

## II. IF PLAINTIFF'S CHILDREN ARE THE REAL PARTY IN INTEREST AS TO ANY CLAIM, THE FEDERAL RULES REQUIRE AMENDMENT AS THE PROPER REMEDY, NOT DISMISSAL.

Even if any of Plaintiff's claims involve an injury suffered exclusively by Plaintiff's children, there is no reason to dismiss those claims or disregard the Amended Complaint's factual allegations. Federal Rule of Civil Procedure 17 provides an exceptionally liberal rule for amendment (even beyond Rule 15's liberal amendment standard) to substitute a real party in interest. It provides: "The court **may not** dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. Proc. 17(a)(3) (emphasis added); *see also Yan v. Rewalk Robotics, Ltd.*, 973 F.3d 22, 37 (1st Cir. 2020) (explaining Rule 17 "expressly anticipates the possibility that a complaint might be brought

by someone who turns out not to be the party in interest" but "admonishes" courts not to dismiss an action but instead to permit "amendment").

Accordingly, if Plaintiff's children are the real parties in interest for any claim, the proper remedy is amendment—a remedy readily available here, given that Massachusetts law permits Plaintiff to sue as her children's next friend. *Sarkisian v. Benjamin*, 2000 Mass. Super. LEXIS 195, at *4 (Super. Ct. May 2, 2000) (holding that under Massachusetts law that "a minor can bring suit…through an adult representative" and "[t]hat representative is usually a parent," who can "proceed on behalf of a child without any express request for or grant of leave").

## III. TO THE EXTENT BY CITING TO *HARRIS*, BCH RAISES ANY QUESTION AS TO THE COURT'S JURISDICTION, DISMISSAL IS NOT A PERMISSIBLE REMEDY.

One final, but important note: although the court in *Harris* dismissed that case based on Article III subject matter jurisdiction grounds, and BCH now cites *Harris*, BCH does not appear to argue that the Court should dismiss this case on the same grounds, and indeed, the removal statute does not permit that outcome. Because BCH removed this case, the only permissible remedy if this Court finds it lacks subject matter jurisdiction is to remand the case, not dismiss it. 28 U.S.C § 1447(c) ("If at any time [after removal but] before final judgment it appears that the district court lacks subject matter jurisdiction, the case **<u>shall be remanded</u>**.") 28 USC § 1447(c) (emphasis added); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c)….on their face, give ... no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case '**<u>shall</u>** be remanded.'") (citations omitted, emphasis added by Supreme Court); *Me. Ass'n of Indep. Neighborhoods v. Me. Dep't of Human Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989) (where plaintiff lacked standing, "the district court erred in departing from the literal words of § 1447(c), which, on their face, give it no discretion to dismiss rather than remand an action").

Indeed, the Supreme Judicial Court has already held that the jurisdiction of Massachusetts courts to hear a statutory claim is defined by "the statute itself," and the Massachusetts Wiretap Act (which is substantively the same as the ECPA in defining who may assert a claim) confers standing to a party to a

communication where a defendant "assist[s] third parties to record contemporaneously [the plaintiff']s interactions with the hospitals' websites without her consent or knowledge." *Vita v. New England Baptist Hospital*, 494 Mass 823, 833 (2024). Massachusetts courts would plainly recognize Plaintiff's standing to assert her claims.

## IV. CONCLUSION

For the reasons set forth in Plaintiff's opposition to BCH's motion, and the reasons outlined in this sur-reply, the Court should deny BCH's motion to dismiss.

Dated: May 20, 2025

Respectfully submitted,

*/s/ Patrick J. Vallely*

SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: May 20, 2025

*/s/ Patrick J. Vallely*
Patrick J. Vallely