UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, for herself and the class,<br><br>        Plaintiff,<br><br>   v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION,<br><br>        Defendant. | Case No.: 1:25-cv-10343-PBS |

## JOINT STATUS REPORT

Pursuant to the Court's September 18, 2025 Order (Doc. 42), Plaintiff Jane Doe ("Plaintiff"), and Defendant The Children's Hospital Corporation ("Defendant") (jointly, the "Parties"), through their undersigned counsel, jointly submit this status report.

The Parties participated in a mediation on September 30, 2025. While the Parties were unable to settle the case at mediation, they are currently engaged in post-mediation discussions regarding a potential resolution of this matter. Accordingly, the Parties request a 30-day continuance of the litigation to finalize their discussions.

Should these ongoing discussions not result in settlement, the parties will file a joint status report on or before November 17, 2025, or on or before such other date as set by the Court.

**Plaintiff's Position Regarding Additional Matters**: Advising the Court further, Plaintiff will file this week a motion to amend her complaint to address the evolving standards and court guidance for pleading a claim under the Electronic Communications Privacy Act ("ECPA") involving the use of tracking technologies on hospital websites and to respond to arguments Defendant made in its reply on its motion to dismiss regarding whether Plaintiff is the real-party-

in-interest for all her claims. In her motion, Plaintiff will argue (i) amendment is not futile, given that Plaintiff adds allegations that directly respond to recent decisions in this and other courts clarifying the standard for pleading, and allegations sufficient to sustain, claims under the ECPA; (ii) amendment is neither untimely nor prejudicial, as this case remains at the pleading stage, and Plaintiff is responding promptly to recent legal developments from the last two months in this District and related cases elsewhere in the country; and (iii) Plaintiff has proceeded in good faith, seeking amendment promptly upon recent legal developments. Plaintiff submits that the Court's consideration of Defendant's motion to dismiss (Doc. No. 22) should be deferred pending resolution of Plaintiff's motion to amend.

**Defendant's Position Regarding Additional Matters**: Should this matter fail to settle in the next 30 days, Defendant believes the case should proceed to oral argument on Defendant's motion to dismiss (Doc. No. 22). Defendant intends to oppose Plaintiff's forthcoming motion to amend her complaint. The basis for Defendant's opposition includes, but is not limited to, the following grounds: (i) Plaintiff's request to amend is untimely and prejudicial, as Plaintiff could have amended as of right when Defendant filed its motion to dismiss, or moved for leave at any time during briefing on the motion to dismiss, and the amendment does not raise newly discovered facts unavailable to Plaintiff at the outset of the litigation and at the time Defendant filed its motion to dismiss; (ii) the proposed amendment is futile and requires the same result as the pending operative Complaint, i.e. dismissal; and (iii) allowing the amendment would constitute a waste of party and judicial resources. Unless the Court denies the motion to amend outright (as it should), Defendant requests an opportunity to submit a brief in opposition to Plaintiff's motion to amend the complaint, if necessary, within 14 days after the parties submit a joint status report regarding the outcome of their post-mediation settlement discussions, or within any other time period ordered

by the Court. In the event briefing on Plaintiff's motion to amend is necessary, Defendant does not oppose the setting of a deadline for a reply brief from Plaintiff.

Dated: October 15, 2025

| JANE DOE, for herself and the class | THE CHILDREN'S HOSPITAL CORPORATION |
|---|---|
| By: */s/ Patrick J. Vallely* | By: */s/ Jad Sheikali* |
| Edward F. Haber<br>Michelle H. Blauner<br>Patrick J. Vallely<br>SHAPIRO HABER & URMY LLP<br>One Boston Place, Suite 2600<br>Boston, MA 02108<br>Tel.: (617) 439-3939<br>ehaber@shulaw.com<br>mblauner@shulaw.com<br>pvallely@shulaw.com<br><br>***Attorneys for Plaintiff*** | Lisa Oliver White, BBO# 666841<br>Shook, Hardy & Bacon L.L.P.<br>One Federal Street, Suite 2620<br>Boston, MA 02110<br>Tel: (617) 531-1411<br>lowhite@shb.com<br><br>Tammy B. Webb (*pro hac vice*)<br>Shook, Hardy & Bacon L.L.P.<br>555 Mission Street, Suite 2300<br>San Francisco, CA 94105<br>Tel: (415) 544-1900<br>twebb@shb.com<br><br>Jad Sheikali (*pro hac vice*)<br>Tara D. Kennedy (*pro hac vice*)<br>Avery M. Epstein (*pro hac vice*)<br>Shook, Hardy & Bacon L.L.P.<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 704-7700<br>jsheikali@shb.com<br>tkennedy@shb.com<br>aepstein@shb.com<br><br>***Attorneys for Defendant*** |

## CERTIFICATE OF SERVICE

I, Patrick J. Vallely, do hereby certify that on October 15, 2025, a true and correct copy of the foregoing document was served upon all counsel of record via the CM/ECF system of the United States District Court for the District of Massachusetts.

                                                                */s/ Patrick J. Vallely*