**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JANE DOE, individually and as parent and guardian for her minor children, S.N., H.N., and B.N., on behalf of herself and classes of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL CORPORATION,<br><br>Defendant. | ) | Case No.: 1:25-cv-10343-PBS |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**<u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendant The Children's Hospital Corporation d/b/a Boston Children's Hospital ("Boston Children's" or "BCH") by and through counsel, specifically deny each and every allegation in Plaintiff's Second Amended Complaint not expressly and specifically admitted herein, and for its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, states as follows:

**<u>Preliminary Statement</u>**

1. This paragraph summarizes what Plaintiff purports to do in bringing the complaint and consists of legal conclusions to which no response is required. To the extent a response is required, BCH admits only that The Children's Hospital Corporation does business as Boston Children's Hospital. BCH denies the remaining allegations.

2. BCH admits that BCH operates a website and that Google Analytics and the Facebook Pixel have been deployed on pages of its public website. The remaining allegations in this paragraph consist of legal conclusion to which no response is required. To the extent a further response is required, BCH denies the remaining allegations.

3. The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, denied.

4. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

5. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

6. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

7. BCH admits that it gives parents of minor children, guardians of minor children, and children over the age of 13 access to a patient portal, which requires a log in. Admitted that certain tracking technology was deployed on parts of BCH's patient portal but denies that such use violated any applicable law. BCH is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this paragraph. To the extent a further response is required, denied.

8. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

9. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

10. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

11. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

12. Denied.

13. BCH admits only that the Plaintiff initially asserted a single claim under the Massachusetts Wiretap Act, M.G.L. c. 272 § 99(A), that the decisions cited by Plaintiff were issued, including the Supreme Judicial Court's decision in *Vita v. New England Baptist Hospital*, 494 Mass. 824 (2024), and that those decisions contain language similar to the language quoted in this paragraph. BCH denies the remaining allegations in this paragraph to the extent they inaccurately characterize the cited decisions, their holdings, or their legal effect, and further denies any allegation inconsistent with the text of those decisions, which speak for themselves.

14. BCH admits that Plaintiff filed an amended complaint asserting claims under the Electronic Communications Privacy Act, the Massachusetts Right to Privacy Act, and various claims under common law after the Supreme Judicial Court's decision in *Vita v. New England Baptist Hospital*, 494 Mass. 824 (2024) was issued. Further responding, BCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies the allegations.

15. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

16. Admitted that Plaintiff brings this action against BCH individually and on behalf of two proposed classes and purports to allege claims under the ECPA, Massachusetts Right to Privacy Act, G.L. c. 214 § 1B, and common law claims for breach of fiduciary duty, negligence, breach of confidence, breach of contract, and unjust enrichment. Otherwise denied.

## **PARTIES**

17. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

18. Admitted only that Plaintiff purports to bring this suit on behalf of proposed classes. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

19. BCH admits only that certain tracking technologies were deployed on pages of its public website and certain pages of its patient portal but denies that such use violated any applicable law. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff's actions, and on that basis denies the allegations. The remainder of the allegations in this paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

20. BCH lacks knowledge or information sufficient to form a belief as to whether Plaintiff had a Google or Facebook account and as to Google and Facebook's activities. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

21. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

22. BCH admits that it is a non-profit charitable corporation that has locations in and around Boston, Massachusetts for the purpose of providing healthcare services. BCH also admits that all BCH facilities share BCH's website, and that BCH maintains and controls the Boston Children's Website.

## **JURISDICTION**

23. Admitted.

# FACTUAL ALLEGATIONS

## The Boston Children's Facilities and Its Website

24. Admitted.

25. BCH admits only that it operates https://www.childrenshospital.org/ for, among other reasons, information regarding services. Further responding, BCH states that the website referenced in this paragraph speaks for itself and is the best evidence of its contents, and BCH denies Plaintiff's attempts to summarize or characterize the content or operations of that website to the extent that they are inconsistent with the actual terms of that website. BCH denies the remaining allegations contained in this paragraph.

26. BCH admits only that it utilizes the website https://www.childrenshospitral.org. Further responding, BCH states that the website referenced in this paragraph speaks for itself and is the best evidence of its contents, and BCH denies Plaintiff's attempts to summarize or characterize the content or operations of that website to the extent that they are inconsistent with the actual terms of that website. BCH denies all remaining allegations contained in this paragraph.

27. BCH states that its website referenced in this paragraph speaks for itself and is the best evidence of its contents, and BCH denies Plaintiff's attempts to summarize or characterize the content or operations of that website to the extent that they are inconsistent with the actual contents or operation of that website. Otherwise denied.

## Reasonable Expectations of Users of the Boston Children's Website

28. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

29. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

30. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

31. The HIPAA Notice of Privacy Practices referenced in this paragraph speaks for itself and is the best evidence of its own contents. BCH denies Plaintiff's attempt to summarize or characterize the contents or operations of the Privacy Policy to the extent it is inconsistent with the actual terms. The remainder of the allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

32. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

33. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations

34. The Web Site User Privacy Rights referenced in this paragraph speaks for itself and is the best evidence of its own contents. BCH denies Plaintiff's attempt to summarize or characterize the contents or operations of the Web Site User Privacy Rights to the extent it is inconsistent with the actual terms. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, denied.

35. The Web Site User Privacy Rights referenced in this paragraph speaks for itself and is the best evidence of its own contents. BCH denies Plaintiff's attempt to summarize or characterize the contents or operations of the Web Site User Privacy Rights to the extent it is inconsistent with the actual terms. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, denied.

36. The Web Site User Privacy Rights referenced in this paragraph speaks for itself and is the best evidence of its own contents. BCH denies Plaintiff's attempt to summarize or

characterize the contents or operations of the Web Site User Privacy Rights to the extent it is inconsistent with the actual terms. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, denied.

37. The Web Site User Privacy Rights referenced in this paragraph speaks for itself and is the best evidence of its own contents. BCH denies Plaintiff's attempt to summarize or characterize the contents or operations of the Web Site User Privacy Rights to the extent it is inconsistent with the actual terms. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, denied.

38. The Web Site User Privacy Rights referenced in this paragraph speaks for itself and is the best evidence of its own contents. BCH denies Plaintiff's attempt to summarize or characterize the contents or operations of the Web Site User Privacy Rights to the extent it is inconsistent with the actual terms. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, denied.

39. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

40. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

41. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies the allegations.

**Third Parties Offering Tracking Technologies**

42. To the extent this paragraph purports to contain a description of Plaintiff's alleged claims, it is a legal conclusion to which no response is required. Otherwise, BCH denies the allegations in this paragraph.

43. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

44. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

45. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

46. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

47. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

48. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

49. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

50. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

51. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

52. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies the allegations.

53. Admitted only that BCH has advertised through Facebook's advertising platforms. Otherwise denied.

54. The Facebook website referenced in this paragraph speaks for itself and is the best evidence of its own contents. BCH denies Plaintiff's attempt to summarize or characterize the contents or purpose of Facebook's website to the extent it is inconsistent with the actual terms. To the extent a response is required, denied.

55. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

56. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

57. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

58. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

59. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

60. The Google website referenced in this paragraph speaks for itself and is the best evidence of its own contents. BCH denies Plaintiff's attempt to summarize or characterize the

contents or purpose of Google's website to the extent it is inconsistent with the actual terms. To the extent a response is required, denied.

61. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

62. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH is without knowledge or information sufficient to form a belief as to the source of the images included in this paragraph. Otherwise denied.

63. Denied.

64. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

65. BCH admits that it has used Google's advertising platforms. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies the allegations. To the extent a further response is required, denied.

**Website Tracking Technologies on the Boston Children's Website**

66. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH is without knowledge or information sufficient to form a belief as to the source of the images included in this paragraph and on that basis denies the allegations.

67. BCH admits that it has deployed various advertising technology on pages of its public website. BCH denies the remaining allegations.

68. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

69. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

70. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

71. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

72. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

73. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

74. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

75. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

76. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

77. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

78. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

79. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

80. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

81. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

82. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

83. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

84. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH denies the allegations.

**Boston Children's Use of Tracking Technologies on the Boston Children's Website**

85. BCH admits only that Google Analytics, DoubleClick, and Meta pixel were deployed on its public website. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

86. BCH admits that it limited its use of Google Analytics, DoubleClick, and other technologies on its website and that it has control over the BCH public website. BCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies the allegations.

87. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

88. BCH admits only that Plaintiff has copied a portion of a page from BCH's website. The website speaks for itself. Further responding, BCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies the allegations.

89. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

90. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and on that basis denies the allegations.

91. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and on that basis denies the allegations.

92. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

93. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

94. BCH admits that it used DoubleClick on its website. BCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies the allegations.

95. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

96. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

97. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

98. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

99. BCH admits only that it previously deployed Meta Pixel on its website. BCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies the allegations.

100. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and on that basis denies the allegations.

101. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

102. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

103. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

104. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

105. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies the allegations. Otherwise denied.

106. BCH admits only that Plaintiff has copied a portion of a page from BCH's website and that its website contains subpages for programs and departments. The website speaks for itself. BCH expressly denies the remaining allegations in this paragraph, including specifically the allegation that personal health information is transmitted from BCH's public facing website to third parties.

107. BCH admits only that Google Analytics was deployed on some pages on its public website. Further responding, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because BCH lacks knowledge of the source of the

graphic referenced therein and on that basis denies the allegations. BCH denies the remaining allegations of this paragraph.

108. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and, therefore, denies the same.

109. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and on that basis denies the allegations.

110. BCH admits only that it deployed Google Analytics and DoubleClick on its website. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies the allegations.

111. BCH admits only that BCH deployed Meta Pixel on its website and subsequently removed Meta Pixel from its website. Further responding, the remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a further response is required, BCH denies the remaining allegations.

112. BCH admits only that it operates a public website that contains pages on medical specialties and practices offered by the BCH facilities. Further responding, BCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph a because BCH lacks knowledge as to whether Plaintiff visited the website and, therefore, denies the same. To the extent a further response is required, denied.

113. Responding to Paragraph 113, BCH admits only that its website has a search function and Plaintiff has copied a page from BCH's website. The website speaks for itself. Further responding, BCH expressly denies the remaining allegations in this paragraph, including specifically the allegation that personal health information is transmitted from BCH's public-facing website to third parties.

114. BCH admits that Google Analytics and DoubleClick have been deployed on pages on its public website. Further responding, BCH is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and on that basis denies the allegations. To the extent a further response is required, denied.

115. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies the allegations. To the extent a further response is required, denied.

116. BCH admits only that it removed Meta Pixel from the BCH website. Further responding, the remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and on that basis denies the allegations. To the extent a further response is required, denied.

117. BCH admits only that its website includes a "Find a Doctor" feature and that Plaintiff has copied a portion of a page from BCH's website. The website speaks for itself. Further

responding, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies the allegations.

118. BCH admits that Google Analytics has been deployed on some pages on its public website. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and on that basis denies the allegations. To the extent a further response is required, denied.

119. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations. To the extent a further response is required, denied.

120. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and on that basis denies the allegations. To the extent a further response is required, denied.

121. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and on that basis denies the allegations. To the extent a further response is required, denied.

122. BCH admits only that it removed Meta Pixel from the BCH website. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and on that basis denies the allegations. To the extent a further response is required, denied.

123. BCH admits only that its website includes a "Request an Appointment" feature and that Plaintiff has copied a page from BCH's website. The website speaks for itself. Further responding, BCH expressly denies the remaining allegations in this paragraph, including specifically the allegation that protected health information is transmitted from BCH's public facing website via advertising technologies.

124. BCH admits only that Google Analytics has been deployed on pages on its public website. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph because BCH lacks knowledge of the source of the graphic referenced therein and on that basis denies the allegations. To the extent a further response is required, denied.

125. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations. To the extent a further response is required, denied.

126. BCH admits that it provides a patient portal referred to as "MyChildren's Patient Portal," which requires log in and includes features to access treatment information, pay bills, schedule visits, and renew medications. BCH admits that Plaintiff has copied a page from BCH's

website that contains language similar to the language paraphrased in this paragraph. The website speaks for itself and is the best evidence of its contents. BCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies the allegations.

127. BCH admits only that Google Analytics was used on certain pages of its patient portal but denies that such use violated any applicable law. Further responding, the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, all remaining allegations are denied.

128. BCH admits only that certain tracking technology was used on pages of its patient portal other than the login page but denies that such use violated any applicable law. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

129. The allegations of this paragraph are legal conclusions to which no response is required. Further answering, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding other healthcare providers removal of tracking technologies from their patient portals, and on that basis denies the allegations. To the extent a further response is required, denied.

130. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

131. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

132. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

133. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

134. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

135. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

136. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

137. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

138. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations. Otherwise denied.

139. BCH admits only that it has deployed various advertising technologies on pages of its public website. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a further response is required, denied.

**The Secret Use of Website Tracking Technologies Such as Meta Pixel and Google Analytics Is Not Necessary**

140. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

141. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations.

142. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

**<u>Boston Children's Violated HIPAA and the FTC Act</u>**

143. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that HIPAA, 42 U.S.C. § 1320 and 45 C.F.R. §§ 164.502; 164.508(a)(3), 164.514(b)(2)(i) speak for themselves and are the best evidence of their own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

144. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that HIPAA speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

145. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that HIPAA speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

146. Responding to Paragraph 146, BCH states that HIPAA's Privacy Rule speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

147. The allegations of this paragraph are legal conclusions to which no response is required. Further responding BCH states that HIPAA speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

148. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that HIPAA and 45 C.F.R. § 164.514 speak for themselves and are the best evidence of their own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

149. BCH states that the HIPAA Privacy Rule speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a response is required, denied.

150. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that the HIPAA Privacy Rule and 45 C.F.R. §§ 160.103, 164.502, speak for themselves and are the best evidence of their own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

151. BCH states that HIPAA and 45 C.F.R. § 160.103, speak for themselves and are the best evidence of their own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

152. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that the guidance referenced in this paragraph speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

153. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that the HIPAA Privacy Rule speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

154. BCH states that the guidance referenced in this paragraph speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

155. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that the HHS Bulletin speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

156. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

157. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that the HHS Bulletin speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

158. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that the HHS Bulletin speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

159. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that the HHS Bulletin speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

160. Denied.

161. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

162. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

163. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

164. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

165. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

166. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

167. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

168. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

169. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

170. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

171. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that the FTC bulletin referenced in this paragraph speaks

for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

172. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that the FTC bulletin referenced in this paragraph speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

173. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

174. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

175. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

**Boston Children's Violated Industry Standards**

176. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

177. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

178. The AMA Code of Ethics Opinion 3.1.1 speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

179. The AMA Code of Ethics Opinion 3.2.4 speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a

further response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

180. The AMA Code of Ethics Opinion 3.3.2 speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

181. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

**Plaintiff and Class Members Suffered Harm from Boston Children's Unlawful Interceptions and Disclosures of Plaintiff's and Class Members' Communications and Private Information**

182. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

183. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

184. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

185. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

186. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

187. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

188. BCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

189. Denied.

190. Denied.

**Class Action Allegations**

191. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH denies the allegations and denies that Plaintiff or any member of the putative Website Visitor Class is entitled to any of the relief requested in the Complaint. BCH further denies that a Website Visitor Class should be certified.

192. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH denies the allegations and denies that Plaintiff, on behalf of her minor children, or any member of the putative Minor Children Class is entitled to any of the relief requested in the Complaint. BCH further denies that a Minor Children Class should be certified.

193. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

194. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

195. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

196. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

197. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

198. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

199. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

**COUNT I**
**(Violation of the ECPA, 18 U.S.C. § 2511, on behalf of Plaintiff and the Website Visitor Class)**

200. BCH incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint as set forth above as though fully set forth herein.

201. BCH states that the ECPA, 18 U.S.C. § 2511 speaks for itself and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

202. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

203. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

204. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. BCH states that the ECPA, 18 U.S.C. § 2511 speaks for itself and any characterization inconsistent therewith is denied. To the extent a further response is required, the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

211. BCH admits only that it is aware of the restrictions set forth by HIPAA and that its HIPAA Notice of Privacy Practices is available on its website. Further responding, BCH states that the website referenced in this paragraph speaks for itself and is the best evidence of its contents, and BCH denies Plaintiff's attempts to summarize or characterize the content or operations of that website to the extent that they are inconsistent with the actual terms of that website. Otherwise denied.

212. Denied.

213. Denied.

214. Denied.

215. BCH states that HIPAA speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

216. Denied.

217. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, BCH states that HIPAA speaks for itself and is the best evidence of its own contents, and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

218. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

219. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

220. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

221. The allegations of this paragraph are legal conclusions to which no response is required. BCH further responds that the ECPA, 18 U.S.C. § 2520(a) speaks for itself and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

222. BCH denies that Plaintiff, or any member of either putative class, is entitled to any of the relief requested in the Second Amended Complaint or any relief whatsoever.

**COUNT II**
**(Violation of the Massachusetts Right to Privacy Act, M.G.L. c. 214 § 1B, on behalf of Plaintiff, Plaintiff's Minor Children, the Website Visitor Class, and the Minor Children Class)**

223. BCH incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint as set forth above as though fully set forth herein.

224. BCH states that the Massachusetts Right to Privacy Act, M.G.L. c. 214 § 1B speaks for itself and any characterization inconsistent therewith is denied. To the extent a further response is required, denied.

225. BCH states that the Massachusetts Right to Privacy Act, M.G.L. c. 214 § 1B speaks for itself and any characterization inconsistent therewith is denied. To the extent a response is required, denied.

226. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

227. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

228. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

229. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

230. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

231. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

232. Denied.

233. Denied.

234. BCH denies that Plaintiff, or any member of either putative class, is entitled to any of the relief requested in the Second Amended Complaint or any relief whatsoever.

**COUNT III**
**(Breach of Fiduciary Duty, on behalf of Plaintiff, Plaintiff's Minor Children, the Website Visitor Class, and the Minor Children Class)**

235. BCH incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint as set forth above as though fully set forth herein.

236. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

237. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

238. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

239. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

240. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

241. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

242. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

243. BCH denies that Plaintiff, or any member of either putative class, is entitled to any of the relief requested in the Second Amended Complaint or any relief whatsoever.

**COUNT IV**
**(Negligence, on behalf of Plaintiff, Plaintiff's Minor Children, the Website Visitor Class, and the Minor Children Class)**

244. BCH incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint as set forth above as though fully set forth herein.

245. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

246. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

247. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

248. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

249. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

250. Denied.

251. Denied.

252. BCH denies that Plaintiff, or any member of either putative class, is entitled to any of the relief requested in the Second Amended Complaint or any relief whatsoever.

**COUNT V**
**(Breach of Confidence, on behalf of Plaintiff, Plaintiff's Minor Children, the Website Visitor Class and the Minor Children Class)**

253. BCH incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint as set forth above as though fully set forth herein.

254. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

255. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

256. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

257. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

258. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

259. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

260. Denied.

261. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

262. Denied.

263. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

264. BCH denies that Plaintiff, or any member of either putative class, is entitled to any of the relief requested in the Second Amended Complaint or any relief whatsoever.

**COUNT VI**
**(Breach of Contract, on behalf of Plaintiff, Plaintiff's Minor Children, the Website Visitor Class and the Minor Children Class)**

265. BCH incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint as set forth above as though fully set forth herein.

266. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

267. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

268. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

269. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

270. Denied.

271. Denied.

272. BCH denies that Plaintiff, or any member of either putative class, is entitled to any of the relief requested in the Second Amended Complaint or any relief whatsoever.

**COUNT VII**
**(Unjust Enrichment, on behalf of Plaintiff, Plaintiff's Minor Children, the Website Visitor Class and the Minor Children Class)**

273. BCH incorporates by reference its responses to the preceding paragraphs of the Second Amended Complaint as set forth above as though fully set forth herein.

274. BCH denies that Plaintiff, or any member of the putative class, has adequately pleaded any of the causes of action requested in the Complaint or any cause of action whatsoever.

275. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

276. Denied.

277. Denied.

278. Denied.

279. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, denied.

280. The allegations of this paragraph are legal conclusions to which no response is required. Further responding, BCH states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff's actions, and on that basis denies the allegations. To the extent a further response is required, denied.

281. BCH denies that Plaintiff, or any member of either putative class, is entitled to any of the relief requested in the Second Amended Complaint or any relief whatsoever.

## Prayers for Relief

WHEREFORE, BCH denies that Plaintiff or any member of either putative class are entitled to any relief, denies that a class should be certified, and requests that Plaintiffs' prayer for relief be denied in its entirety.

## Jury Demand

BCH denies that all of Plaintiff's claims for relief carry a right to a jury trial. BCH demands a jury trial on all claims so triable.

## AFFIRMATIVE DEFENSES & OTHER DEFENSES

In addition to the defenses and denials set forth above, BCH asserts the following affirmative defenses to the Complaint. BCH's investigation continues and BCH reserves the right to amend and/or supplement this Answer to assert other and additional defenses, counterclaims, cross claims, and third-party claims as additional information is obtained. In pleading these defenses, BCH does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations.

1. Plaintiff and the putative class members have failed to state a claim upon which relief may be granted against BCH.

2. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the applicable statute of limitations.

3. Defendant is a nonprofit charitable organization pursuant to Massachusetts General Laws Chapter 231, Section 85K, and therefore Plaintiff's recovery may be limited or barred pursuant to the provisions of this statute.

4. Plaintiff’s claims and those of the putative class members are barred, in whole or in part, because they gave consent to the conduct complained of.

5. Plaintiff’s claims and those of the putative class members are barred, in whole or in part, by their assumption of the risk.

6. Plaintiff’s claims and those of the putative class members are barred, in whole or in part, by release.

7. Plaintiff’s claims and those of the putative class members are barred, in whole or in part, by the doctrine of estoppel or waiver.

8. Plaintiff’s claims and those of the putative class members are barred, in whole or in part, or reduced by their failure to avoid or mitigate damages.

9. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because no legal duty was owed to Plaintiff, her children, or the putative class members arising from the conduct alleged in the Complaint.

10. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because BCH exercised reasonable care and did not breach any duty owed to Plaintiff, her children, or the putative class members.

11. Plaintiff fails to establish that they or the putative class members have suffered or are in danger of immediately suffering a concrete legally cognizable injury. Plaintiff’s claims and those of the putative class members are barred, in whole or in part, because Plaintiff and the putative class members have suffered no injury, harm, or damage.

12. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because BCH did not owe a fiduciary duty to anonymous visitors of its public-facing website.

13. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by their own contributory negligence.

14. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by estoppel.

15. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by laches.

16. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

17. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because, at all times, BCH acted in good faith.

18. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because BCH did not disclose any confidential information belonging to Plaintiff, her children, or the putative class members.

19. Plaintiff and the putative class lack standing.

20. Plaintiff's claims and those of the putative class members are barred, in whole or in part, to the extent that any alleged injury was voluntarily incurred for the purpose of manufacturing a legal claim.

21. Plaintiff's claims and those of the putative class members are barred, precluded, and/or diminished, in whole or in part, by the doctrine of intervening and/or superseding causation because any alleged damages they claim were caused by third parties who were not employees or agents of Defendant.

22. Persons or entities other than BCH may have caused or contributed to the damages Plaintiff and the putative class members allegedly suffered and therefore any award in favor of Plaintiff or the putative class members must be reduced by an amount equal to the percentages of fault of others causing or contributing to the damages alleged.

23. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because BCH did not perform any act or omission that was the proximate cause of Plaintiff's or the putative class members' alleged damages.

24. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because BCH was without knowledge of the identity of the users of its informational websites.

25. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because their proposed interpretation of the relevant statutes would lead to absurd results.

26. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by agreements that they independently entered into with third parties and/or by their prior disclosure of information to third parties.

27. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because they have failed to join necessary and indispensable parties to the action.

28. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by misjoinder of the parties.

29. Plaintiff's complaint is not appropriate as a class action lawsuit since there is no commonality among the putative class.

30. Plaintiff cannot show that any information allegedly collected or intercepted relates to putative class members. Because more than one individual may have access to a single device

or computer, mini-trials would be necessary to determine if the information allegedly collected related to every individual actually using the computers and/or computer browsers at issue.

31. Plaintiff's complaint is not appropriate as a class action lawsuit since there is no typicality among the putative class.

32. Plaintiff's complaint is not appropriate as a class action lawsuit because questions of law or fact common to putative class members do not predominate over any questions affecting only individual members of the putative class.

33. Plaintiff's complaint is not appropriate as a class action lawsuit because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

34. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because Plaintiff's interpretation and application of the statutes and common-law duties at issue would violate the United States Constitution, including, without limitation, Defendant's rights under the First and Fifth Amendments.

35. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because the imposition of punitive and/or aggregated, class-wide damages in this case would be excessive and violate BCH's Due Process and other Constitutional rights, under both the United States and Massachusetts Constitutions.

36. Plaintiff's claims and those of the putative class members are barred, in whole or in part, to the extent they allege that BCH aided parties not in the case in committing an interception.

37. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because BCH cannot be held liable for aiding a third party in committing an "interception"

unless Plaintiff proves that the third party committed an actionable interception, and BCH cannot be required to defend the actions of third parties.

38. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because application of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, interpreted by Plaintiff would violate the rule of lenity.

39. Plaintiff's claims and those of the putative class members are barred because Plaintiff and the putative class members are not aggrieved persons intended to be protected by the Electronic Communications Privacy Act, 18 U.S.C. § 2511.

40. Plaintiff's claims and those of the putative class members are barred because the conduct alleged was not a contemporaneous interception.

41. Plaintiff's claims and those of the putative class members are barred because the conduct alleged was not an acquisition of contents of a communication.

42. Plaintiff's claims and those of the putative class members are barred because the conduct alleged did not involve an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2511.

43. Plaintiff's claims and those of the putative class members are barred because the conduct alleged did not involve an alleged tort that was independent of the alleged interception within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2511.

44. Plaintiff's claims and those of the putative class members are barred because the crime-tort exception does not apply within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2511.

45. Plaintiff's claims and those of the putative class members are barred because the conduct alleged did not involve protected health information as identified under HIPAA.

46. Plaintiff's claims and those of the putative class members are barred because their personal or property interest or privacy was not invaded in the course of an alleged interception.

47. Plaintiff's claims and those of the putative class members are barred because the conduct alleged did not involve an intercepting device.

48. Plaintiff's claims and those of the putative class members are barred because BCH did not act willfully.

49. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because there is no basis for attorney's fees in this action.

**JURY DEMAND**

Boston Children's hereby requests a trial by a jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Boston Children's states that Plaintiff is not entitled to any relief demanded in Plaintiff's Second Amended Complaint, and, having fully answered, prays for relief from judgment from Plaintiff as follows:

1. This action be dismissed;
2. Plaintiff takes nothing by reason of the Second Amended Complaint;
3. Boston Children's recovers its costs and attorneys' fees incurred herein; and
4. For such further and other relief as the Court deems proper.

Dated: August 7, 2026

Respectfully submitted,

THE CHILDREN'S HOSPITAL CORPORATION

By: */s/ Lisa Oliver White*

Lisa Oliver White, BBO# 666841
**SHOOK, HARDY & BACON L.L.P.**
One Federal Street, Suite 2620
Boston, MA 02110
Tel: (617) 531-1411
lowhite@shb.com

Tammy B. Webb (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900
twebb@shb.com

Jad Sheikali (*pro hac vice*)
Tara D. Kennedy (*pro hac vice*)
Avery Epstein (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
jsheikali@shb.com
tkennedy@shb.com
aepstein@shb.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I, Lisa Oliver White, do hereby certify that on August 7, 2026, a true and correct copy of the foregoing document was served upon all counsel of record via the CM/ECF system of the United States District Court for the District of Massachusetts.

*/s/ Lisa Oliver White*
Lisa Oliver White